```
      IN THE UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF ARKANSAS
             FAYETTEVILLE DIVISION
```

**NORTHLAND INSURANCE COMPANY**                                       **PLAINTIFF**

v.                          **CASE NO. 06-5132**

**LEXINGTON INSURANCE COMPANY and**                                   **DEFENDANTS**
**AMERICAN HOME ASSURANCE COMPANY**

<u>ORDER</u>

This case involves a suit in Georgia for personal injury and the resulting settlement.

Before the Court is the Motion of Lexington Insurance Company to Dismiss for Improper Venue (Doc. 12); Brief in Support of Motion of Lexington Insurance Company to Dismiss for Improper Venue (Doc. 13); Response to Lexington's Motion to Dismiss (Doc. 15); Memorandum of Law in Response to Lexington's Motion to Dismiss (Doc. 17); Sur-Reply in Opposition to Lexington's Motion to Dismiss (Doc. 19); and Lexington Insurance Company's Reply to Response to Motion to Dismiss (Doc. 18).

In 2001 Henry Williams ("Williams") was driving a semi-tractor, which was leased by Williams to a company named Pro-Carriers, and pulling a Wal-Mart trailer. Pro-Carriers and Wal-Mart entered into a dedicated service agreement for operation of the trailer, selecting Arkansas law and Arkansas as a forum for any disputes.  The tractor-trailer was involved in a fatal collision with another vehicle in Georgia.  The decedent's parents and administrators of his estate sued Pro-Carriers, Williams, and Wal-

Mart in Georgia. The claims arising out of the accident were settled for $4,524,116. Williams is insured by Plaintiff Northland Insurance Company ("Northland"). Pro-Carrier is insured by Defendant Lexington Insurance Company ("Lexington") and non-party Underwriters Insurance Company ("Underwriters"). Wal-Mart is insured by Defendant American Home Assurance Company ("AHAC").

Plaintiff contends that Defendants did not fully contribute their respective shares to the Georgia settlement. Plaintiff seeks a declaratory judgment construing the three independent insurance contracts and establishing their sequence of coverage. Defendant Lexington now seeks to dismiss the case for improper venue in the Western District of Arkansas.

One of the central purposes of statutory venue is to ensure that a defendant is not haled into a remote district, having no real relationship to the dispute." *Richards v. Aramark Servs., Inc.,* 108 F.3d 925, 928 (8th Cir.1997) (internal quotation marks and citations omitted) (also explaining that "[v]enue requirements exist for the benefit of defendants."). Title 28 U.S.C. § 1391 is the general federal venue statute. Relevant Section 1391(a)(2) provides that in a case based on diversity jurisdiction venue is proper "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). When considering whether venue is proper among two or more districts, the question is not which district among the

potential forums is the best venue, but rather "whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Setco Enters. v. Robbins,* 19 F.3d 1278, 1281 (8th Cir.1994).

Plaintiff argues venue is proper in the Western District of Arkansas because a "substantial part of the events and omissions giving rise to the matter occurred and/or a substantial part of property that is the subject of the action is situated in Bentonville, Arkansas," including allegations that the trailer involved in the underlying accident was garaged in Arkansas, the liability policy from AHAC to Wal-Mart occurred in Arkansas, AHAC had an Arkansas insured, and the dedicated service agreement between Wal-Mart and Pro-Carriers for operation of the trailer had a forum selection clause for Arkansas. (Complaint p. 2, ¶ 6).

Defendant Lexington moved for dismissal for lack of venue and contends venue is improper in the Western District of Arkansas because none of the Defendants are Arkansas residents; and that the "events or omissions" giving rise to this lawsuit all occurred outside the state of Arkansas.

The Court is not persuaded by Plaintiff's argument that alleged acts of Defendants had a substantial connection to the Western District of Arkansas for the purpose of establishing venue. Section 1391(a)(2) clearly states that venue is proper in a district "in which a substantial part of the events or omissions

giving rise to the claim occurred." We are asked to construe insurance policies entered into in different states, one of which is Arkansas, to determine liability for a Georgia accident and Georgia settlement. The connection to Arkansas is too attenuated and not truly related to the basis of the dispute.

Although the dedicated service agreement entered into in Arkansas between Pro-Carrier and Wal-Mart is responsible for putting the vehicle on the road, which may have been the cause of the accident, the accident is not the underlying basis of the lawsuit. The lawsuit was brought due to the actions of the parties relative to the settlement agreement. Even though one agreement that must be construed to ultimately decide this case was entered into in Arkansas, the act of entering into the agreement is not the "act or omission" at issue. Thus, venue is improper in this court. Accordingly, the Motion of Lexington Insurance Company to Dismiss for Improper Venue (Doc. 12) is hereby **GRANTED** and this case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated:   January 31, 2007

   /s/ Robert T. Dawson   
Robert T. Dawson
United States District Judge